WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| J & J Sports Productions Incorporated,<br><br>                Plaintiff,<br>vs.<br><br>Brad Ira Berko, et al.,<br><br>                Defendants. | No. CV-13-02494-PHX-SPL<br><br>**ORDER** |

Before the Court is Plaintiff's Status Report (Doc. 41), in which he requests until August 8, 2014 to refile an Application for Default Judgment. The Court will deny Plaintiff's request and will direct the Clerk of Court to vacate the entry of default.

**I.  Background**

On December 6, 2013, Plaintiff filed a Complaint (Doc. 1) against "Brad Ira Berko and John Schottenstein, individually and d/b/a Scottsdale Cigar Club; and Scottsdale Cigar Club, LLC, an unknown business entity d/b/a Scottsdale Cigar Club," commencing the instant action. Plaintiff brings claims under 47 U.S.C. §§ 553 (unauthorized reception of cable service) and 605 (unauthorized publication or use of communications), stemming from Defendants' alleged unlicensed broadcasting of *Manny Pacquiao v. Juan Manuel Marquez, IV Welterweight Fight Program,* televised on December 8, 2012.

On April 10, 2014, the Clerk of Court entered default against Defendant Berko and Defendant Scottsdale Cigar Club (Doc. 18). Defendant Berko, appearing *pro se*, filed an answer on May 15, 2014 (Doc. 25). Plaintiff filed an Application for Default

Judgment against Defendants Berko and Scottsdale Cigar Club, LLC, which the Court's denied on June 6, 2014. (Doc. 30.) This action was reassigned to this Court on July 1, 2014. (Doc. 37.)

## II. Entry of Default

Rule 55(c) of the Federal Rules of Civil Procedure gives courts authority to set aside an entry of default for good cause. Courts must consider three factors to determine whether good cause exists: (1) whether the default was the consequence of the defaulting party's culpable conduct, (2) whether the defaulting party had a meritorious defense, and (3) whether setting aside the default would prejudice the other party. *United States v. Signed Personal Check No. 730 of Yurban S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). Default is a "drastic step appropriate only in extreme circumstances" and that courts should decide cases on their merits "whenever possible." *Id.*

The Court will deny Plaintiff's request for additional time to seek default judgment and will instead set aside the entry of default. First, *pro se* Defendant's untimely answer does not rise to the level of "culpable conduct" considering the circumstances. Second, the Court agrees with Judge Bolton's concerns that Defendant Berko's answer raises significant concerns on the issue of liability. (*See* Doc. 30.) Defendant's proffered defense that, among other things, the Scottsdale Cigar Club, LLC did not broadcast the fight because it was closed at the time it was televised, if true, is meritorious. Third, there is no evidence that Plaintiff would be prejudiced by setting aside the default. Therefore, the Court finds good cause and will set aside the entry of default.

Additionally, in *pro se* Defendant Berko's May 15, 2014 answer (Doc. 25), it is unclear whether he intended to answer solely on his own behalf, or on both his own behalf and on behalf of Defendant Scottsdale Cigar Club, LLC. Thus, although Defendant Scottsdale Cigar Club, LLC may not appear *pro se* and may only appear through counsel, *see In re Am. West Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (unincorporated entities may not appear *pro se*); *United States v. High Country Broad. Co.,* 3 F.3d 1244, 1245 (9th Cir. 1993) (corporations may not appear *pro se*), the Court

finds that Defendant Berko should be afforded an opportunity to secure counsel and file an answer to the complaint on behalf of Defendant Scottsdale Cigar Club, LLC.

### III.    Rule 16 Case Management Conference

Defendant Berko having filed an answer, and finding that the entry of default should be set aside, in a forthcoming order this Court will set a Rule 16 Case Management Conference. As to be addressed by the order, counsel who will be responsible for trial of the lawsuit for each party, and any party that is not represented by counsel, shall appear and participate in the Case Management Conference. Consequently, the Court preemptively advises that, in this particular case, it believes an in-person appearance by counsel is appropriate. The Court appreciates that litigation is often expensive and that telephonic appearances are often permitted. However, here, an in-person appearance will allow for better interaction between the Court and counsel and will allow the parties to discuss the case, and possibly settlement options.

Accordingly,

**IT IS ORDERED** that the request for an extension of time to file an application for default judgment, as set forth in Plaintiff's Status Report (Doc. 41), is **denied**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **vacate** the default entered against Defendants Brad Ira Berko and Scottsdale Cigar Club, LLC (Doc. 18).

Dated this 28th day of July, 2014.

Honorable Steven P. Logan
United States District Judge